# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA MARQUEZ, BY AND THROUGH HER GUARDIAN AD LITEM,<br><br>                                    Plaintiff,<br>vs.<br>RADY'S CHILDRENS HOSPITAL; GURINDER DAHBIA; CHILDREN'S SPECIALIST OF SAN DIEGO; ALLEN SCHWARTZ; LINDA SCHWARTZ; MAGDELINE DOHIL, AND DOES 1-40 INCLUSIVE,<br><br>                                    Defendants. | CASE NO. 09cv34-WQH-CAB<br><br>ORDER |

HAYES, Judge:

       The matter before the Court is the motion to remand (Doc. 14) filed by Plaintiff Alexa Marquez.

       On December 8, 2008, Plaintiff filed a medical malpractice complaint against Rady's Children's Hospital, Gurinder Dahbia, Children's Specialist of San Diego, Allen Schwartz, Linda Schwartz, Magdeline Dohil, and Martha Spitzer in the Superior Court of California for the County of San Diego. (Doc. 1.)

       On January 9, 2009, the United States of America removed the case to this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. 79(d)(2) because Defendant Martha Spitzer is deemed an employee of the United States by the Federally Supported Health Centers Assistance Act, 28 U.S.C. §§ 233(g)-(n). (Doc. 1.)

1         On January 9, 2009, the United States filed a motion to substitute the United States of America for Defendant Martha Spitzer pursuant to the Federally Supported Health Centers Act and the Federal Tort Claims Act. (Doc. 4.)

         On January 15, 2009, this Court issued an order substituting the United States as the defendant and dismissing Martha Spitzer from this action with prejudice. (Doc. 8.)

         On January 15, 2009, Plaintiff filed a notice of voluntary dismissal of Defendant United States pursuant to Federal Rule of Civil Procedure 41(a). (Doc. 10.) The United States is no longer a party to this action.

         On February 9, 2009, Plaintiff filed a motion to remand pursuant to 28 U.S.C. 1447(c). (Doc. 14.) No opposition to the motion to remand has been filed by any of the remaining defendants.

## RULING OF THE COURT

         A federal district court "has discretion under the doctrine of pendant jurisdiction to remand a properly removed case to state court when all federal law claims in the action have been eliminated and only pendant state law claims remain." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 345 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n. 7. In this case, Plaintiff has voluntarily dismissed the claims involving the United States, whose status as the defendant in this action provided the only basis for subject matter jurisdiction. The Court concludes that "the values of economy, convenience, fairness and comity" point toward declining to exercise jurisdiction over Plaintiff's state law claims.

         IT IS HEREBY ORDERED that the motion to remand filed by Plaintiff (Doc. 14) is GRANTED.

DATED: April 10, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge